UNITED STATE S DISTRICT COURT FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| Cynthia L. Jenkins, On Behalf of Herself and All Others Similarly Situated, | ) ) ) ) Case No.: 8:06-CV-743 |
| Plaintiff, | ) ) |
| vs. | ) CLASS ACTION |
| General Collection Co., | ) ) ) |
| Defendant. | ) ) ) |

**Memorandum of Law in Support of
Plaintiff's Motion to Strike Offer of Judgment**

**A. Background**

Plaintiff Cynthia L. Jenkins commenced this matter with her Class Action Complaint filed on December 5, 2006, seeking to enforce provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (Hereinafter "FDCPA"), that apply for the benefit of all consumers similarly situated. 15 U.S.C. § 1692k(a)(2)(B). In particular, the plaintiff contends that defendant General Collection Co. (Hereinafter "GCC") violated the FDCPA in connection with suing consumers when the account had passed the applicable statute of limitations. Plaintiff's complaint alleges violations of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), and 1692f(1). Relief sought under the FDCPA includes actual damages and statutory damages for the named plaintiff and the class. 15 U.S.C. § 1692k(a)(1), (2)(A) and (B). The plaintiff also alleges violations of the Nebraska Consumer Protection Act. (Hereinafter "NCPA") Neb. Rev. Stat. § 59-1601 et

seq. Plaintiff seeks relief in the form of injunctive relief, statutory, and actual damages pursuant to Neb. Rev. Stat. § 59-1609.

Defendant filed its Answer to the Complaint on March 7, 2007, (Filing 5). Defendant tendered a partial Rule 68 Offer of Judgment (the "Offer") to the class representative, Cynthia L. Jenkins only. A copy of the Offer is included as Exhibit "A" to the Plaintiff's Evidence Index filed contemporaneously herewith. The partial Offer is apparently directed to Cynthia L. Jenkins in her individual capacity only, and not to the class. The Offer consists of a judgment in favor of Cynthia L. Jenkins only in the amount of $1,000.00, and "Plaintiff's reasonable costs and reasonable attorney's fees now accrued...." See Exhibit A. The defendant's Offer does not indicate if it is directed to the federal or state claim.

Defendant is obviously attempting to use Rule 68 to moot the plaintiff's claim so as to deprive this court of jurisdiction over this matter and the putative class of Nebraska residents the plaintiff seeks to represent. This tactic has been expressly rejected by many other courts, particularly when the Offer of judgment, such as the one here, does not provide a complete remedy. For the reasons discussed below, plaintiff requests that the court strike the Offer and declare it to be of no effect in this case.

**B. Legal Argument**

Fed. R. Civ. P. 68 provides in pertinent part as follows:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party

> for the money or property or to the effect specified in the offer, with costs then accrued. ... An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after making the offer.

In this case, defendant ostensibly tendered the Offer in accordance with Rule 68. However, even if she wanted to, plaintiff Cynthia L. Jenkins, is not at liberty to accept the Offer because she is a representative plaintiff in this putative class action. Here as in *Liles v. American Corrective Counseling Services, Inc.*, 201 F.R.D. 452 (S.D. Iowa 2001) (discussed below as well), Jenkins filed this action as a class action. As such she has assumed a responsibility to members of the putative class and this court has a special responsibility to protect their interest regardless of whether a motion for class certification has been filed. Hinging the outcome of this motion on whether a motion for class certification has been filed is not well supported in the law nor sound judicial practice. It would encourage a "race to payoff" named plaintiffs very early in litigation, before they file motions for class certification. *Id.* at 455.

Rule 68 is incompatible with class actions because a representative plaintiff has limited authority to accept a settlement offer, formal or informal, and that authority is subject to the review and approval of the Court regarding notice, fairness, adequacy, and reasonableness. Fed.R.Civ.P. 23(e)(1)(A). *See Weiss v. Regal Collections*, 385 F.3d 337, 349 n.21 (3d Cir. 2004), (putative class representative's claim cannot be mooted by a

Rule 68 offer of judgment so as to defeat federal subject matter jurisdiction in a suit requesting class-wide relief; amended class action rules require approval of settlement claims of a certified class).

Rule 68 does not harmonize with the careful supervision required of the district court under Rule 23(e) because Rule 68 set a nondiscretionary time limit on the plaintiff's power of acceptance, which is clearly insufficient to consider the merits of the Offer, provide notice to the class members and obtain court approval. *See Marek v. Chesny*, 473 U.S. 1, 3 n.49 (1985) (Brennan, J. dissenting).

Fed. R. Civ. P. 23(e)(1) provides:

(A) The court must approve any settlement, voluntary dismissal, or compromise of the claims, issues, or defense of a certified class.

(B) The court must direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise.

(C) The court may approve a settlement, voluntary dismissal, or compromise that would bind class members only after a hearing and on finding that the settlement, voluntary dismissal, or compromise is fair, reasonable, and adequate.

Nor does Rule 68 address the inherent conflict of interest faced by a representative plaintiff to whom an offer of judgment has been made. The offer exposes the class representative - offeree to liability for costs and expenses that could not be recouped from unnamed class members. The leading treatises on class actions explains why Rule 68 should not apply where a case is filed as a class action:

> [B]y denying the mandatory imposition of Rule 68 in class actions, class representatives will not be forced to abandon their litigation posture each time they are threatened with the possibility of incurring substantial cost for the sake of absent class members.

NEWBERG ON CLASS ACTIONS, § 15.36 at 115 (4th ed. 2002).

The conflict between the policies behind Rules 23 and 68 have lead the vast majority of courts to reject attempts by defendants to subvert a pending class action with a Rule 68 offer. *See Weiss v. Regal Collections*, 385 F.3d at 344 (allowing a defendant to "pick off" a class representative with an offer of judgment undercuts viability of class action procedure); *Greisz v. Household Bank, N.A.*, 176 F.3d 1012, 1015 (7th Cir. 1999) (the court observed that the tactic "is precluded by the fact that before the class is certified, which is to say at a time when there are many potential party plaintiffs to the suit, an offer to one is not an offer of the <u>entire</u> relief sought by the suit, (citing cases)" (emphasis in original); *Alpern v. Utilicorp United, Inc.*, 84 F.3d 1525, 1539 (8th Cir. 1996) ("[j]udgment should be entered against a putative class representative on a defendant's offer of judgment only where class certification has been properly denied and the offer satisfies the representative's responsibilities to the putative class members from being terminated by a defendant's attempts to pay off the representative's claims." (citations omitted)); *Roper v. Consurve, Inc.,* 578 F.2d at 1110 (5th Cir. 1978) ("notion that a defendant may short-circuit a class action by paying off the class representatives... deserves short shrift"). *See also Martin v. Mabus*, 734 F.Supp. 1216, 1222 (S.D.Miss. 1990) ("procedures prescribed by Rule 68 for making an offer of judgment are literally

inapplicable because Rule 23(e) requires that court approval be obtained in order for a case to be dismissed or compromised"); *Gay v. Waiters' and Dairy Lunchmen's Union,* 86 F.R.D. 500 (N.D.Cal. 1980) (holding Rule 68 inapplicable to class actions).

In *Liles v. American Corrective Counseling Services, Inc.*, 201 F.R.D. 452, 455 (S.D. Iowa 2001) the defendant made a Rule 68 offer of judgment that was not accepted by the plaintiff - class representative and the defendant filed a motion to dismiss for lack of subject matter jurisdiction. In dismissing the defendant's motion the district court found that:

> By the very act of filing a class action, the class representatives assume responsibilities to members of the class. They may not terminate their duties by taking satisfaction; a ceasefire may not be pressed upon them by paying their claims. The court itself has special responsibilities to ensure that dismissal does not prejudice putative members.

The Iowa federal district court goes on to explain that the magistrate will conduct a conference with the parties to determine the schedule for submission of the plaintiff's class certification motion. *Id.* at n. 4. The *Liles* court briefly touches on the important concept that the defendant's Rule 68 offer also fails to fully satisfy or remedy the plaintiff complaints. This idea is discussed in more detail below.

The defendant's Offer only addresses one of the plaintiff's claims for statutory damages. It should be noted that the plaintiff also makes a claim for actual damages pursuant to the FDCPA (Filing 1 ¶25(a)) and a claim for damages and injunctive relief pursuant to the NCPA. (Filing 1 ¶29(a)-(e)) The plaintiff's damages under the NCPA

6

again include statutory damages up to $1,000.00, her actual damages, and she prays for injunctive relief enjoining the defendant from engaging in similar conduct in the future. *See* Neb. Rev. Stat. § 59-1609. These damages are separate and distinct from any damages awarded under the FDCPA. These damages are asserted not only for the plaintiff representative, but also for each member of the class. (Filing 1 ¶¶25 & 29)

The issue of the Offer only providing partial relief is addressed in *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1539 (8th Cir. 1996). In nullifying a similar Offer from a class action defendant the *Alpern* court found that when the defendant seeks to dismiss an action by a putative class representative by offering payment for damages of the putative class representative, the Offer only has effect when it includes all relief requested in the complaint, including relief for the class. *Id.* citing *Roper*, 445 U.S. at 341.

In *Wilhelm v. Credico, Inc.*, 426 F.Supp.2d 1030, 1033-34 (D.N.D. 2006), a similar FDCPA class action case, the district court held that the defendant collection agency's offer of judgment to settle the class representative's claim for violation of the FDCPA did not render the case moot, even though the offer covered the maximum amount of statutory damages including attorneys' fees and costs where the offer did not satisfy the demand for actual damages. Once again, the defendant's offer in this case does not reach the actual damages under the FDCPA or any of the damages and injunctive relief requested under the NCPA.

This very situation was also recently addressed in *Zeigenfuse v. Apex Asset*

*Management, LLC*, 2006 WL 3742773 (E.D.Pa. Dec. 14, 2006). In that case, the defendant, just like GCC here, tendered a Rule 68 offer of judgment to the representative plaintiff in a FDCPA class action. In granting the plaintiff's motion to strike the offer of judgment the court provided a careful and thorough analysis of the legal issues posed:

> Our Court of Appeals, in *Weiss v. Regal Collections*, 385 F.3d 337 (3d Cir. 2004), grappled with the tension between Rule 68 and Rule 23 governing class actions. In that case, plaintiff Richard Weiss filed a class action complaint under the FDCPA, the same statute as is involved here. The defendant served an offer of judgment for his full monetary damage plus costs and attorney's fees before he filed his motion for class certification. Plaintiff declined to accept the offer, and over his objections, the district court dismissed the complaint as moot. Plaintiff then appealed. The Court of Appeals reversed.
>
> At the outset, the Court of Appeals recognized the salutary purpose of Rule 68 in individual actions. As the Supreme Court has explained, the "plain purpose of Rule 68 is to encourage settlement and avoid litigation.... The Rule prompts both parties to a suit to evaluate the risks and costs of litigation and to balance them against the likelihood of success upon trial on the merits." *Marek v. Chesny*, 473 U.S. 1, 5 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985). Once a defendant allows a plaintiff to take a judgment against it for all the relief to which he or she may be entitled, there is nothing further to try, and the action becomes moot. At that point, there is no reason for the action to continue.
>
> The *Weiss* court, however, concluded the situation to be quite different when a class action complaint has been filed. If an offer of judgment to a putative class representative were allowed to stand, it would be an easy way for a defendant to thwart a class action which may be the only viable means of obtaining relief for the class members who individually may have claims too small to sue on their own. *See Phillips Petroleum Co. v. Shultz*, 472 U.S. 797, 809, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985). A defendant, by an offer of judgment,

8

could pay an insignificant amount to the named plaintiff to avoid a potentially significant payout if the lawsuit proceeded as a class action. Considerable wrongdoing could thus go unremedied. In addition, even if those similarly situated to the named plaintiff were not stymied by the lack of a class action, they often would have no option other than to bring small individual actions. These would not be in the interest of judicial economy and could likely generate excessive costs and fees compared to a class action. For all these reasons, our Court of Appeals in *Weiss* held that Rule 68 cannot be employed to vitiate a putative class representative's claim. It explained:

> As sound as is Rule 68 when applied to indivudual plaintiffs, its application is strained when an offer of judgment is made to a class representative. As in *Roper*, allowing the defendants here to 'pick off' a representative plaintiff with an offer of judgment less than two months after the complaint is filed may undercut the viability of the class action procedures and frustrate the objectives of this procedural mechanism for aggregating small claims, like those brought under the FDCPA. *Weiss*, 385 F.3d at 344.

The *Weiss* court made it clear that the defendant cannot circumvent Rule 23 by making a speedy offer of judgment either before class certification or before the filing of the motion for class certification. *Weiss* observed that such a defense maneuver is contrary to the thrust of Rule 23(c)(1)(A) which provides: "When a person sues or is sued as a representative of a class, the court must– at an early practicable time – determine by order whether to certify the action as a class action." Rule 23 does not require the immediate filing of the motion. In this district, Local Civil Rule 23.1 allows a plaintiff 90 days after filing of the complaint to file a motion for class certification "unless this period is extended on motion for good cause appearing." The validity of a Rule 68 offer should not be determined by who wins the race to the courthouse – the filer of the motion for class certification or the filer of a Rule 68 offer. Absent undue delay in the filing of a motion for class certification, the motion will be deemed to relate back to the date of the filing of the complaint. *Weiss*, 985 F.3d at 346-48.

9

Here, there has been no undue delay.

********

> ... we think the general reasoning of *Weiss* provides guidance. Here the defendant is attempting to apply Rule 68, which fits for individual actions, to undermine a putative class action. ***Instead of forcing the named representative to accept the carrot of full individual relief which cannot be done under Weiss, defendant is threatening the stick, that is, imposing costs against plaintiff if she is unsuccessful. Either way, a defendant is attempting to "pick off" the named representative. Whichever approach a defendant takes under Rule 68, the purpose is to dampen the efforts of the putative representative in pursuing the class action, if not to cause her to withdraw. It is an attempt to inject a conflict of interest between here and those she seeks to represent.*** The use of Rule 68 to shift the risk of costs is simply a more indirect and perhaps somewhat more subtle means to undermine Rule 23 and the procedural and substantive benefits it affords. We conclude that Rule 68 cannot be invoked to shift costs where a plaintiff has filed a class action complaint unless the motion for class certification is unduly delayed.

*Zeigenfuse*, 2006 WL 3742773, *1-3 (emphasis added)(footnotes omitted).

In this case there is no dispute that plaintiff's motion for class certification is not delayed. In fact, under local rule, the plaintiff cannot direct discovery to the defendant until after the parties have met and conferred and the Initial Progression Order is issued by this court. The due date for the parties to return their report to the court is April 11, 2007. (Filing 6, P.2)

Finally, absent undue delay in filing a motion for class certification, where the defendant makes a Rule 68 Offer of judgment to an individual class representative of a putative class that has the effect of mooting possible class relief asserted in the complaint,

10

the appropriate course is to relate certification back to the filing of the class action complaint. *Weiss v. Regal Collections,* 385 F.3d 337, 348 (3d Cir. 2004) Upon receiving timely discovery responses from the defendant the plaintiff will file her motion for class certification or if defendant delays discovery on class issues the plaintiff will seek a reasonable extension of time, which requests are generally granted by this court for good cause shown.

**C. Conclusion**

For the reasons discussed above, plaintiff Cynthia L. Jenkins, requests that the defendant's Offer of Judgment be stricken and declared to be of no effect.

Dated this 22nd day of March, 2007.

                                                        Cynthia L. Jenkins,
                                                        Plaintiff,

                                         By: */s/William L. Reinbrecht*
                                            Pamela A. Car, #18770
                                            William L. Reinbrecht, #20138
                                            Car & Reinbrecht, P.C., LLO
                                            8720 Frederick Street, Suite 105
                                            Omaha, NE 68124
                                            (402) 391-8484
                                            carlaw@uswest.net - E-mail
                                            Attorneys for the Plaintiff and the
                                            Putative Class

**Certificate of Service**

I hereby certify that on March 22, 2007, I electronically filed the foregoing with the Clerk of court using the CM/ECF system which will send notification of such filing to the following:

John A. Svoboda
GROSS & WELCH, P.C., LLO
1500 Omaha Tower
2120 South 72nd Street
Omaha, NE 68124

And

Michael A. Klutho
BASSFORD REMELE
33 South Sixth Street, Suite 3800
Minneapolis, MN 55402-3707


And I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: None.

   /s/William L. Reinbrecht
William L. Reinbrecht, 20138
Attorney for Plaintiff
Car & Reinbrecht, P.C., LLO
8720 Frederick Street, #105
Omaha, NE 68124
(402) 391-8484
Fax: (402) 391-1103
E-mail: pacwlr@qwest.net