UNITED STATE S DISTRICT COURT FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| Cynthia L. Jenkins, On Behalf of Herself and All Others Similarly Situated, | )<br>)<br>)<br>) Case No.: 8:06-CV-743 |
| Plaintiff, | ) |
| vs. | ) CLASS ACTION |
| General Collection Co., | ) |
| Defendant. | ) |

**Plaintiff's Brief in Reply to Defendant's Opposition of Plaintiff's Motion to Strike Rule 68 Offer of Judgment**

**A. Background**

Plaintiff Cynthia L. Jenkins filed her Motion to Strike the Defendant's Rule 68 Offer of Judgment (Filing No. 7) with her Brief and Evidence Index (Filings 8 &9) on March 22, 2007. The certificate of service on the Rule 68 Offer shows that it was mailed on March 7, 2007, and then received by the plaintiff sometime thereafter. Defendant filed its Brief in Opposition on April 2, 2007. (Filing No. 10) Plaintiff now replies to the defendant's opposition. Plaintiff filed her Complaint (Filing No. 1) as the representative for similarly situated Nebraska residents alleging violations of 15 U.S.C. § 1692 et seq., the Fair Debt Collection Practices Act, and violations of the Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59-1601 et seq. Plaintiff seeks relief in the form of injunctive relief, statutory, and actual damages for herself and the class she represents.

1

B. **Legal Argument**

    **1. Plaintiff's Motion to Strike is Not Procedurally Defective.**

Defendant argues that a Rule 68 Offer is not a pleading and thus cannot be subject to a Motion to Strike. Defendant is simply wrong and the authority cited in the next paragraph agrees that such attempts to derail a case in the early stages should be stopped.

Defendant is attempting to use Rule 68 to moot the plaintiff's claim so as to deprive this court of jurisdiction over this matter and the putative class of Nebraska residents. This tactic has been expressly rejected by many other courts, particularly when the Offer of judgment is made to the class representative in a class action before class certification, and the offer does not provide a complete remedy, as is the case here. *See Marek v. Chesny*, 473 U.S. 1, 3 n.49 (1985) (Brennan, J. dissenting). *See Phillips Petroleum Co. v. Shultz*, 472 U.S. 797, 809, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985); *See Weiss v. Regal Collections*, 385 F.3d 337, 349 n.21 (3d Cir. 2004); *Roper v. Consurve, Inc.,* 578 F.2d 1106, 1110 (5th Cir. 1978); *Greisz v. Household Bank, N.A.*, 176 F.3d 1012, 1015 (7th Cir. 1999); *Alpern v. Utilicorp United, Inc.*, 84 F.3d 1525, 1539 (8th Cir. 1996); *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1539 (8th Cir. 1996); *See also Martin v. Mabus*, 734 F.Supp. 1216, 1222 (S.D.Miss. 1990); *Gay v. Waiters' and Dairy Lunchmen's Union,* 86 F.R.D. 500 (N.D.Cal. 1980); *Liles v. American Corrective Counseling Services, Inc.*, 201 F.R.D. 452 (S.D. Iowa 2001); *Wilhelm v. Credico, Inc.*, 426 F.Supp.2d 1030, 1033-34 (D.N.D. 2006); *Zeigenfuse v. Apex Asset Management, LLC*, 2006 WL 3742773 (E.D.Pa. Dec. 14, 2006); *Strausser v. ACB Receivables*

*Management*, 2:06-CV-05109-TON (E.D.Pa. Feb. 12, 2007). These courts are concerned that Rule 68 Offers that short circuit cases, that there is something important at issue, and that motions such as the one brought by the plaintiff are not a waste of time as suggested by the defendant.

**2. Defendant is wrong in arguing that the ten (10) days to accept the offer passed.**

Defendant claims that the plaintiff rejected the Rule 68 Offer because ten (10) days passed. Defendant's argument ignores *Fed.R.Civ.P. 6,* regarding how one is to calculate time under the Rules. *Fed.R.Civ.P. 68* allows the adverse party ten (10) days to respond to the offer. The defendant must agree that a Rule 68 Offer is something prescribed or allowed by the Federal Rules. Once this is established, we can now look at the text of Rule 6(a), which governs how time is calculated in this circumstance.

> (a) Computation. In computing any period of time prescribed by these rules, ... When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.
> *Fed.R.Civ.P. 6(a).*

Additionally, local rule *NECivR 6.1(b)* controls and provides for a three (3) day mailing rule which applies "whether service is accomplished by mail, by leaving with the clerk, by electronic filing, or by other means to which the parties have consented." As noted above, the defendant's Rule 68 Offer was sent on March 7, 2007, which means that under NECivR 6.1(b) the plaintiff starts counting the days on March 12, 2007, because

3

Saturday and Sunday are not counted as discussed below. The plaintiff filed her Motion to Strike on March 22, 2007. This is exactly nine (9) days after receiving the offer as calculated when you apply Rule 6(a), and the two Saturdays and Sundays are excluded. Defendant's argument that the Plaintiff's Motion to Strike is late is absolutely without merit.

**3. Defendant is wrong in arguing that the Plaintiff undertook her motion so that her attorneys may increase their fees.**

The authority cited by the defendant for its argument that the Plaintiff's Motion to Strike is motivated by counsel's interest in earning a fee is inapposite here. The plaintiff is clearly put into a difficult position by the defendant when such an offer is made. For the plaintiff to simply ignore the Rule 68 Offer is fraught with danger as we can be certain the defendant will argue later that simply allowing it to lapse means that the Offer was rejected. We all know that the defendant's tactic is to moot the plaintiff's status as class representative, otherwise if the defendant never intended to take advantage of the tactic, why was the Offer ever made? Plaintiff's motion is timely, necessary, and proper under the Rules and case law cited.

**C. Conclusion**

Once again, for the reasons discussed above, and the reasons cited in her original Memorandum of Law (Filing 8) plaintiff Cynthia L. Jenkins, requests that the defendant's

Offer of Judgment be stricken and declared to be of no effect.

Dated this 4th day of April, 2007.

                                            Cynthia L. Jenkins,
                                            Plaintiff,

                                        By: */s/William L. Reinbrecht*
                                               Pamela A. Car, #18770
                                             William L. Reinbrecht, #20138
                                             Car & Reinbrecht, P.C., LLO
                                             8720 Frederick Street, Suite 105
                                             Omaha, NE 68124
                                             (402) 391-8484
                                             carlaw@uswest.net - E-mail
                                             Attorneys for the Plaintiff and the
                                             Putative Class

**Certificate of Service**

I hereby certify that on April 4, 2007, I electronically filed the foregoing with the Clerk of court using the CM/ECF system which will send notification of such filing to the following:

John A. Svoboda
GROSS & WELCH, P.C., LLO
1500 Omaha Tower
2120 South 72nd Street
Omaha, NE 68124

And

Michael A. Klutho
BASSFORD REMELE
33 South Sixth Street, Suite 3800
Minneapolis, MN 55402-3707

And I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: None.

   */s/William L. Reinbrecht*
William L. Reinbrecht, 20138
Attorney for Plaintiff
Car & Reinbrecht, P.C., LLO
8720 Frederick Street, #105
Omaha, NE 68124
(402) 391-8484
Fax: (402) 391-1103
E-mail: pacwlr@qwest.net