IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CYNTHIA L. JENKINS, on behalf of herself and all others similarly situated, ADA HOWARD, and SANDRA LOGUE, | ) ) ) ) | |
| Plaintiffs, | ) ) | 8:06CV743 |
| vs. | ) ) ) | ORDER |
| GENERAL COLLECTION CO., MARK D. STELK and RICHARD E. GEE, | ) ) ) | |
| Defendants. | ) | |

This matter is before the court on plaintiff's Motion to Strike Offer of Judgment [7]. The matter has been fully briefed. For the reasons discussed herein, I find that the motion should be granted.

## BACKGROUND

Plaintiff filed a Class Action Complaint on December 5, 2006 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA") and the Nebraska Consumer Protection Act ("NCPA"), Neb. Rev. Stat. § 59-1601 *et seq*. Plaintiff, individually and on behalf of all persons similarly situated, seeks actual damages, a declaratory judgment, statutory damages and other relief against the defendant ("GCC") arising from its alleged routine practice of filing or proceeding on lawsuits on time-barred debts. The original Complaint [1] identified two subclasses of consumers designated pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3):

> 17. Subclass "A" is comprised of all persons who satisfy the following criteria:
>     (a) All Nebraska residents;
>     (b) Against whom:
>         1. GCC filed a collection lawsuit, or
>         2. A GCC collection lawsuit was pending or proceeding, or
>         3. GCC collected any funds for principal, attorney fees, interest, or costs as a result of a lawsuit;

  (c) In an attempt to collect a debt incurred primarily for personal, family or household purposes, where;
  (d) The alleged indebtedness was outside the relevant statute of limitations; within one year prior to the date of the Complaint in this action.

18. Subclass "B" is comprised of all persons who satisfy the following criteria:
  (a) All Nebraska residents;
  (b) Against whom:
    1. GCC filed a collection lawsuit, or
    2. A GCC collection lawsuit was pending or proceeding, or
    3. GCC collected any funds for principal, attorney fees, interest or costs as a result of a lawsuit;
  (c) In an attempt to collect a debt incurred primarily for personal, family or household purposes, where;
  (d) The alleged indebtedness was outside the relevant statute of limitations; within four years prior to the date of the Complaint in this action.

Defendant filed its answer on March 7, 2007, together with a "RULE 68 OFFER OF JUDGMENT" offering judgment to be taken against it "in favor of plaintiff Cynthia L. Jenkins individually as follows: ... Judgment shall be entered in the total amount of One Thousand and no/100 Dollars ($1,000) as against the above-named Defendant...." Filing [9]. Jenkins neither accepted nor rejected defendant's Rule 68 offer.

Plaintiff was subsequently allowed to amend the complaint, adding more plaintiffs and defendants to the lawsuit. The operative pleading is a Second Amended Complaint [63], filed on August 8, 2007. Plaintiffs' Amended Motion for Class Certification [67], timely filed on August 17, 2007, is not yet ripe for decision.

## LEGAL ANALYSIS

The maximum statutory damages for any one individual under the FDCPA is $1,000. 15 U.S.C. § 1692k(a)(2)(A); *Zeigenfuse v. Apex Asset Mgmt., L.L.C.*, 239 F.R.D. 400, 401 (E.D. Pa.

2006). Generally, when an offer of judgment made pursuant to Fed. R. Civ. P. 68[1] constitutes full relief for the named plaintiff's substantive claims, the plaintiff ceases to have a personal stake in the case and the court lacks jurisdiction. *Weiss v. Regal Collections*, 385 F.3d 337, 340 (3d Cir. 2004); *see also Morgan v. Account Collection Technology., LLC*, No. 05-CV-2131, 2006 WL 2597865 at *2 (S.D.N.Y. Sept. 6, 2006).

Fed. R. Civ. P. 23(e) "requires court approval of a class action settlement, in certain circumstances even when the class has not yet been certified." *McDowall v. Cogan*, 216 F.R.D. 46, 48 (E.D.N.Y. 2003). In this case, the plaintiff moved to strike defendant's offer of judgment because she brought the complaint as a representative plaintiff and contends she is not at liberty to accept such an offer, *see* Fed. R. Civ. P. 23(e).

Being unable to locate any binding Eighth Circuit precedent on this issue, I adopt the Third Circuit's holding that

> Absent undue delay in filing a motion for class certification, ... where a defendant makes a Rule 68 offer to an individual claim that has the effect of mooting possible class relief asserted in the complaint, the appropriate course is to relate the certification motion back to the filing of the class complaint.

---

[1] Fed. R. Civ. P. 68 provides:
 At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer. When the liability of one party to another has been determined by verdict or order or judgment, but the amount or extent of the liability remains to be determined by further proceedings, the party adjudged liable may make an offer of judgment, which shall have the same effect as an offer made before trial if it is served within a reasonable time not less than 10 days prior to the commencement of hearings to determine the amount or extent of liability.

*Weiss*, 385 F.3d at 348.  The holding in *Weiss* has served as a basis for striking offers of judgment made before any motion for class certification was filed.

For example, in *Zeigenfuse v. Apex Asset Mgmt.*, the plaintiff filed a class-action complaint alleging violations of the FDCPA.  As in this case, the defendant served an offer of judgment pursuant to Rule 68 before a motion for class certification was filed, offering Zeigenfuse $1,001 plus reasonable costs and attorney's fees.  The court noted that, in general, an offer of judgment providing a plaintiff with the maximum allowable relief would moot the plaintiff's claim–if she were suing in her individual capacity.  239 F.R.D. at 401 (citing *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991)).  Zeigenfuse moved that the offer be stricken as improper, since she had filed a class action complaint.  Zeigenfuse also timely filed a motion for class certification.  The district court found that the offer of judgment made to Zeigenfuse should be stricken:

> [W]e think the general reasoning of *Weiss* provides guidance.  Here the defendant is attempting to apply Rule 68, which fits for individual actions, to undermine a putative class action.  Instead of forcing the named representative to accept the carrot of full individual relief which cannot be done under [*Weiss v. Regal Collections,* 385 F.3d 337 (3d Cir. 2004)], defendant is threatening the stick, that is, imposing costs against plaintiff if she is unsuccessful.  Either way, a defendant is attempting to "pick off" the named representative.  Whichever approach a defendant takes under Rule 68, the purpose is to dampen the efforts of the putative representative in pursuing the class action, if not to cause her to withdraw.  It is an attempt to inject a conflict of interest between her and those she seeks to represent.  The use of Rule 68 to shift the risk of costs is simply a more indirect and perhaps somewhat more subtle means to undermine Rule 23 and the procedural and substantive benefits it affords.  We conclude that Rule 68 cannot be invoked to shift costs where a plaintiff has filed a class action complaint unless the motion for class certification is unduly delayed.  We agree with [*Janikowski v. Lynch Ford, Inc.*, No. 98-8111, 1999 WL 608714 (N.D. Ill. Aug. 5, 1999), *aff'd on other grounds,* 210 F.3d 765 (7th Cir. 2000)] that the offer of judgment must now be stricken to prevent it from undermining the use of the class action device.  Following [*McDowall v. Cogan*, 216 F.R.D. 46 (E.D.N.Y. 2003)] would allow the defendant to achieve what *Weiss* seems to forbid.  If class certification is ultimately denied, defendant, of course, will then be free to make an offer of judgment containing the cost shifting provision of Rule 68.

*Zeigenfuse v. Apex Asset Mgmt.*, 239 F.R.D. at 403.

In the case at bar, the defendant has not moved for dismissal for mootness, *see, e.g., Weiss*, or moved to compel Jenkins to accept the offer of judgment, *see, e.g., Morgan*. The defendant did not file the offer of judgment and observes in its brief that since the offer was not accepted, it was deemed withdrawn by operation of Rule 68. Although the rule does provide that an offer not accepted shall be deemed withdrawn, it also says, in the same sentence, that "evidence thereof is not admissible except in a proceeding to determine costs." Under Rule 68, if the judgment finally obtained by the plaintiff is not more favorable than the defendant's offer, then the plaintiff must pay the costs incurred after the making of the offer.

I agree with the *Zeigenfuse* court's conclusion that Rule 68 should not be invoked to shift costs where a plaintiff has filed a class action complaint unless the motion for class certification is unduly delayed. In this case, the motion for class certification has not been delayed. Under the circumstances, I conclude that the offer of judgment should be stricken, in the sense that the offer may not be used in any proceeding to determine costs pursuant to Rule 68. Rule 68 does not preclude the defendants from making subsequent offers, and if class certification is ultimately denied in this matter, the defendants will be free to make offers of judgment containing the cost shifting provision of Rule 68.

**IT IS ORDERED** that Motion to Strike Offer of Judgment [7] is granted in that the Offer of Judgment served on March 7, 2007 may not be used in any proceeding to determine costs pursuant to Fed. R. Civ. P. 68.

**DATED August 28, 2007.**

**BY THE COURT:**

**s/ F.A. Gossett**
**United States Magistrate Judge**