IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CYNTHIA L. JENKINS, ADA HOWARD, and SANDRA LOGUE, on behalf of themselves and all others similarly situated,<br>                Plaintiffs,<br>vs.<br><br>GENERAL COLLECTION CO., MARK D. STELK and RICHARD E. GEE,<br>                Defendants. | CASE NO. 8:06CV743<br><br><br><br>MEMORANDUM<br>AND ORDER |

The matter before the Court is the Defendant's Statement of Appeal of Magistrate Judge F.A. Gossett's August 28, 2007, Order (Filing No. 82), granting the Plaintiff's Motion to Strike Offer of Judgment (Filing No. 77). Judge Gossett ordered that the Offer of Judgment served by Defendant General Collection Co. ("GCC") upon Plaintiff Cynthia L. Jenkins ("Jenkins") on March 07, 2007, may not be used in any proceeding to determine costs pursuant to Fed. R. Civ. P. 68. (Filing No. 5). For the reasons stated below, GCC's Appeal of Judge Gossett's order will be denied in all respects.

**Procedural History**

On December 5, 2006, Jenkins filed a Class Action Complaint pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Nebraska Consumer Protection Act ("NCPA"), Neb. Rev. Stat. § 59-1601 *et seq*[1]. Jenkins, individually and on behalf of all persons similarly situated, seeks actual damages, a declaratory judgment, statutory damages and other relief against the GCC arising from its

---

[1] Jenkins amended the Complaint to add more parties on August 8, 2007. Jenkins subsequently timely filed an Amended Motion for Class Certification on August 17, 2007 (Filing No. 67) which is not yet ripe for decision.

alleged routine practice of filing or proceeding on lawsuits on time-barred debts. GCC filed its Answer on March 7, 2007. On the same date, GCC served Jenkins with a "Rule 68 Offer of Judgment," offering judgment to be taken against it in favor of Jenkins individually. (Filing No. 9, Ex. A). Jenkins neither accepted nor rejected GCC's Rule 68 offer. Jenkins then brought a Motion to Strike the Offer of Judgment on March 22, 2007. (Filing No. 7). Magistrate Judge Gossett issued an order granting the motion on August 28, 2007. (Filing No. 77). On September 12, 2007, GCC filed this appeal to reinstate the stricken offer, contending that the strike was premature. (Filing No. 82).

**Reason for Appeal**

The issue on appeal is whether the magistrate judge's decision to strike the Fed. R. Civ. P. 68 "Offer of Judgment" is clearly erroneous or contrary to law given that the other district courts of the Eighth Circuit have chosen to deny similar motions to strike. GCC argues that Judge Gossett should not have followed the reasoning of the Court of Appeals for the Third Circuit in *Weiss v. Regal Collections*, 385 F. 3d 337, 340 (3d Cir. 2004)(striking a Rule 68 Offer of Judgment prior to class certification) and *Zeigenfuse v. Apex Asset Mgmt., L.L.C.,* 239 F.R.D. 400 (E.D. Pa. 2006)(concluding that Rule 68 should not be invoked to shift costs where a plaintiff has filed a class action complaint unless the filing of the motion for class certification has been unduly delayed).

**Standard of Review**

Under NECivR 72.2(a), a party may appeal a nondispositive order entered in a civil case by filing a "Statement of Appeal of Magistrate Judge's Order" within ten days after being served with the order. The appealing party must specifically identify the order or

portion thereof appealed from and the basis of the appeal, and must file, contemporaneously with the statement of appeal, a brief setting forth the party's arguments that the magistrate judge's order is clearly erroneous or contrary to law.  Unless otherwise ordered, any party may file a brief opposing the appeal within ten days of being served with the statement of appeal.

"The district judge to whom the case is assigned . . . shall modify or set aside any portion of the judge's order found to be clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a).  "The district judge will not modify, set aside, or remand to the magistrate judge any nondispositive order or portion thereof unless clearly erroneous or contrary to law."  NECivR 72.2(c).

**Analysis**

Fed. R. Civ. P. 68 ("Rule 68") encourages each party to balance the risks and costs of litigation against the certainty and benefits of settlement.  *Marek v. Chesny*, 473 U.S. 1, 5 (1985).  To promote this policy, GCC contends that its Offer of Judgment should stand. GCC's Rule 68 Offer of Judgment included payment of Jenkins's individual claim in full up to the $1,000 statutory limit on Fair Debt Collections Practices Act ("FDCPA") damages. 15 U.S.C. § 1692k(a)(2)(A).

Because Jenkins did not accept the offer, GCC contends that any potential issue associated with the Offer of Judgment is not ripe for decision.  Because GCC has not moved to dismiss Jenkins's claims as moot, has not moved to recover costs from Jenkins, and the Court has not been presented with the question of what costs and attorney fees are reasonable, GCC states that the Motion to Strike is premature, and there is no justiciable "actual, ongoing [case] and [controversy]" before the court.  *Potter v. Norwest*

*Mortgage, Inc.,* 329 F. 3d 608, 611 (8th Cir. 2003). GCC argues that the district courts of the Eighth Circuit have refused to strike Rule 68 offers in other cases. *Potter,* 329 F. 3d at 614 (denying appeal of class certification because the plaintiff failed to establish a continuing personal stake in the litigation); *Bryant v. Bonded Accounts Services*, 2000 WL 33955881 (D. Minn. Aug. 2, 2000) (denying motion to strike after determining that there was no an ongoing case or controversy).

In turn, Jenkins distinguishes the facts of *Potter* and the holding of *Bryant* from the more recent holding in *Jancik v. Cavalry Portfolio Services, L.L.C.*, 2007 WL 1994026 (D. Minn. July 3, 2007). In *Potter*, the appeal was denied partly because the plaintiff chose voluntarily to settle with the defendant *after* the plaintiff's class action certification *was denied*. *Potter* is factually dissimilar to this case, because Jenkins's motion for class action certification is not yet ripe for decision, and Jenkins has not chosen to accept the settlement.

The facts of *Bryant* are nearly analogous to Jenkins's and reflects the majority view in the conflict between Rule 68 and Rule 23. However, the *Bryant* court held that the effect of a Rule 68 offer "is more properly addressed, if it arises, when such a request for costs is made" and denied the motion to strike because the court determined that offer did not result in a live case or controversy. *Bryant*, 2000 WL 33955881, at 4. In contrast, the more recent *Jancik* decision held that because the court had not denied a motion for class certification, a live case or controversy *did* exist. The court primarily based its decision on two considerations: (1) the plaintiff rejected defendant's settlement, and; (2) the plaintiff was seeking "relief on behalf of the class - relief Defendant clearly has not offered."

4

*Jancik*, 2007 WL 1994026, at 4 (citing *Alpern v. UtiliCorp United*, 84 F.3d 1525,1539 (8th Cir. 1996)(reasoning that judgment should be entered against a putative class representative only where class certification has been properly denied and the defendant's offer satisfies the representative's entire demand for injuries and costs of the suit)).

This Court finds reasoning in *Jancik* to be persuasive. *Jancik* held that as long as the "individual [plaintiff] would maintain a stake in procuring class-wide relief," there is still a justiciable case in controversy. *Jancik* at 4 (quoting *Roper v. Consurve, Inc.*, 578 F.2d 1106, 1111 (5th Cir. 1978)). *See also, Roble v. Celestica Corp.*, 2007 WL 2669439 (D.Minn. Sept. 6 2007.) This holding is consistent with the holdings of *Weiss* and *Zeigenfuse. Weiss* forbids the use of Rule 68 to moot possible class relief unless there is "undue delay in filing a motion for class certification." *Weiss,* 385 F.3d at 348. *Zeigenfuse* follows *Weiss*, holding that Rule 68 is applicable to individual actions, but cannot be invoked to "shift costs where a plaintiff has filed a class action complaint unless the motion for class certification is unduly delayed." *Zeigenfuse*, 239 F.R.D. at 403. Jenkins's motion for class certification has not been unduly delayed, and the motion is not yet ripe for decision. *See supra* note 1.

Jenkins's responsibility as a class representative requires that she "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The district court also has a "requirement [to act as the guardian of the rights of class members, which] applies even if a class has not yet been certified." *Schultzen v. Woodbury Cent. Community School Dist.* 217 F.R.D. 469, 470 (N.D. Iowa 2003)(quoting *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001). Since GCC's offer of judgment

5

addressed only Jenkins's individual claims, and the offer did not address the class demands, the threat of costs associated with silence in the face of the offer serves no useful purpose at this stage of a potential class action.

Because Rule 68 dictates that this offer would be "admissible... in a proceeding to determine costs," Jenkins's dilemma is that her "fiduciary obligations to the putative class members [are] pitted against [her] own self-interest." *McDowall v. Cogan*, 216 F.R.D. 46, 51 (E.D.N.Y. 2003). As long as relief on behalf of the class has not been addressed, Judge Gossett's determination that "[t]he offer of judgment must now be stricken to prevent it from undermining the use of the class action device," is appropriate. *Zeigenfuse*, 239 F.R.D. at 403. However, *"*[i]f class certification is ultimately denied, defendant, of course, will then be free to make an offer of judgment containing the cost shifting provision of Rule 68." *Id.* at 402.

**Conclusion**

Having reviewed GCC's Rule 68 Offer of Judgment (Filing No. 5), Jenkins's motion to Strike Offer of Judgment (Filing No. 7), the Offer of Judgment (Filing No. 9, Ex. A), the GCC's brief in opposition (Filing No. 10), Jenkins's brief in Support of her Motion (Filing No. 11), Judge Gossett's order granting Jenkins's Motion to Strike Offer of Judgment (Filing No. 77), GCC's Statement of Appeal (Filing No. 82), its brief in support of that motion (Filing No. 83), and Jenkins's brief in opposition to the motion for appeal (Filing. No. 97), this Court concludes that Judge Gossett's order (Filing No. 77) granting Jenkins's Motion to Strike Offer of Judgment was neither clearly erroneous nor contrary to law. Judge Gossett's decision is well-reasoned and his conclusion, relying on the decision of the Court

of Appeals for the Third Circuit in *Weiss,* is well-founded. The Court of Appeals for the Third Circuit persuasively restates the majority view that the Rule 68 cost-shifting provision conflicts with the class action interests provided in Rule 23. To avoid this conflict, the Rule 68 offer must be stricken at this stage of the proceedings because Jenkins did not unduly delay filing her motion for class certification and the motion has not been resolved. If class certification is ultimately denied in this matter, a subsequent Rule 68 offer may be made at that time.

IT IS ORDERED:

1) The Defendant's Statement of Appeal to Magistrate Judge's Order (Filing No. 82) is denied; and

2) The Magistrate Judge's August 28, 2007 Order is affirmed in all respects.

Dated this 9th day of November, 2007

BY THE COURT:

s/Laurie Smith Camp
United States District Judge