# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CYNTHIA L. JENKINS, on behalf of herself and all others similarly situated, ADA HOWARD, and SANDRA LOGUE,  )<br>)<br>)<br>)<br>Plaintiffs,  )<br>)<br>vs.  )<br>)<br>GENERAL COLLECTION CO.,  )<br>MARK D. STELK and RICHARD E. GEE,  )<br>)<br>Defendants.  ) | 8:06CV743<br><br>ORDER |

This matter is before the court on plaintiffs' Motion for protective order (Filing 121), the defendants' response in opposition (Filing 124), and plaintiffs' Reply (Filings 129 & 130).

Plaintiffs' claims arise under the federal Fair Debt Collection Practices Act (FDCPA) and the Nebraska Consumer Protection Act. The discovery relevant to the parties' claims and defenses will necessarily involve the production of confidential information, e.g., financial records, account numbers, and the like.

In this motion, plaintiffs complain that the defendants will not agree to the terms of their proposed protective orders. Defendants complain that the documents plaintiffs now seek to protect were produced and filed in this case "long ago" in conjunction with the plaintiffs' motion for class certification, and the plaintiffs have refused to sign any stipulation that would give any protection to parties other than the plaintiffs. The plaintiffs complain in reply that confidential financial information has been filed by the defendants in a related proceeding pending in the Douglas County Court involving Cynthia Jenkins.

The plaintiffs are advised that this court has no jurisdiction over any of their discovery disputes which may be pending in the Douglas County Court. They may seek protection from the County Court if they feel that certain filings in County Court should be sealed or otherwise kept confidential.

The court finds that a protective order should be entered by separate order, but not in the form demanded by the plaintiffs.

In addition, all parties are reminded that they are required to comply with NECivR 5.3 (requiring them to redact certain information in documents they file with the court). If it is not practicable to file redacted documents, the filing party may request permission to restrict access to the documents to parties of record and court users pursuant to the E-Government Act of 2002. NECivR 5.3(c).

**IT IS ORDERED** that plaintiffs' Motion for protective order (Filing 121) is granted, in part. The court's protective order will be entered separately.

**DATED February 29, 2008.**

        **BY THE COURT:**

        **s/ F.A. Gossett**
        **United States Magistrate Judge**