# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **CYNTHIA L. JENKINS**, on behalf of herself and all others similarly situated, **ADA HOWARD**, and **SANDRA LOGUE**, )<br>)<br>)<br>)<br>)<br>   Plaintiffs, )<br>)<br>   vs. )<br>)<br>**GENERAL COLLECTION CO.**, )<br>**MARK D. STELK and RICHARD E. GEE**, )<br>)<br>   Defendants. ) | **8:06CV743**<br><br>**PROTECTIVE ORDER** |

    This Protective Order is entered pursuant to Fed. R. Civ. P. 26(c) and in resolution of the parties' dispute over the entry of a suitable protective order governing the production of confidential information by all parties. The party disclosing the information bears the responsibility of clearly identifying the documents or information the party deems to be confidential.

    1.    As used herein:

    a.    "Attorney" shall include all partners, associates, paralegals, secretaries and other employees of any attorney representing a Party in this case;

    b.    "Confidential Document(s)" shall mean any document or documents which contain any trade secret, sensitive or proprietary business information, or private financial information pertaining to any Party, or any customer of any Party, so designated by any undersigned Party pursuant to Paragraph 2 of this Protective Order, regardless of when Disclosed;

c. "Consultant" shall mean any expert retained or hired by a Party or Attorney in this case for the purpose of providing expert testimony in the trial of this matter, or for the purpose of assisting a Party or Attorney in any manner in the litigation of this case, and includes in-house experts and/or technical personnel of the Parties;

d. "Disclose(d)" shall mean divulged, shown, revealed, described, summarized, paraphrased, quoted, transmitted or otherwise communicated;

e. "Disclosing Party" shall mean the Party disclosing a "Confidential Document";

f. "Party" shall mean any named Plaintiff, Defendant, Third-Party Plaintiff, or Third-Party Defendant in this case, including their employees, agents and representatives. The term "Parties" shall collectively refer to the named Parties to this action and their respective employees, agents and representatives;

g. "Person" shall mean any individual, corporation, partnership, association, society, unincorporated organization, city, state, republic or governmental agency or employee, or any other entity, other than a Party; and

h. "Witness" shall mean any non-party identified as a witness or potential witness for purpose of providing testimony it the above-captioned matter.

2. Any Disclosing Party may designate any document, or group of documents in its possession or control, to be Confidential Documents subject to the protection of this Protective Order by:

a. Clearly marking or stamping each such document "CONFIDENTIAL" prior to Disclosure; or

      b.    Notifying each Party in writing, within fourteen (14) days after disclosure, of the designation of each Confidential Document previously Disclosed by reasonably identifying each such Confidential Document; or

      c.    Notifying each Party in writing, within fourteen (14) days after this Protective Order is entered, of the designation of each Confidential Document Disclosed prior to entry of this Protect Order, by reasonably identifying each such Confidential Document.

      3.    Every Confidential Document so designated by any Disclosing Party pursuant to Paragraph 2 of this Protective Order, shall be presumed to contain confidential or proprietary information within the meaning of Fed. R. Civ. P. 26(c)(7).

      4.    Notwithstanding Paragraph 3 above, this Protective Order shall be without prejudice to the right of any of the Parties of this action to: (i) bring before this Court at any time the question of whether any particular information is or is not relevant to any issue of this case or whether any information is or is not confidential as defined in Paragraph 1 of this Protective Order; (ii) seek a further protective order from this Court; (iii) exercise any right or raise any objection otherwise available under the rules of discovery or evidence; (iv) seek relief from any provision of this Protective Order on any ground by filing an appropriate motion with this Court; or (v) disclose documents any Party is required to or reasonably believes it must disclose by rule of law.

      5.    If a Party is required to or reasonably believes it must disclose Confidential Documents in accordance with a rule of law, that Party must first notify the Party that originally designated the documents as "confidential" at least ten (10) business days before disclosing any Confidential Documents. During the pendency of any challenge to the

applicability of this Protective Order to any document, information or thing, however, said document, information or thing shall remain subject to the provisions of this Protective Order.

6. Confidential Documents Disclosed to any Party shall be used solely for the purpose of prosecuting or defending the above captioned matter and any subsequent appeal.

7. Confidential Documents may be Disclosed to any Witness or Consultant who complies with Paragraph 8 of this Protective Order, solely for purpose of assisting any Party in the prosecution or defense of the above captioned matter and any subsequent appeal.

8. No Party or Attorney shall Disclose any Confidential Document, or information contained therein, to any Witness or Consultant, unless and until such Witness or Consultant has: (1) read this Protective Order, and (2) has signed the following acknowledgment agreeing to be bound by the Protective Order:

> I hereby certify that I have read the Protective Order issued in the matter of <u>Cynthia Jenkins, et al. v. General Collection Co., et al.</u>, pending before the United States District Court for the District of Nebraska, Case No. 8:06cv743, and agree to be bound by its terms. I understand that I am being shown "Confidential Documents" subject to the terms of a Protective Order. I hereby promise and agree not use or disclose any information contained in any "Confidential Documents" which is not otherwise known by me from other sources for any purpose unrelated to the aforementioned litigation.

_____        _____
         Date                                    Signature

Each Attorney or Party shall maintain their own file of such written agreements until this action is fully completed.

9. Nothing in this Protective Order prohibits any Party or Attorney from discussing or disclosing information which is known to them through sources other than Confidential Documents.

10. No Party or Attorney shall use or Disclose any Confidential Document, or information contained therein, to any Person not authorized herein.

11. No Party or Attorney shall use or Disclose any Confidential Document, or information contained therein, for any purpose unrelated to this litigation, including but not limited to, any personal, business, or competitive purpose.

12. At any deposition during which Confidential Documents will be Disclosed, shown or used, the Disclosing Party shall have the right to demand that every Person in attendance execute an acknowledgment containing language set forth in Paragraph 8 of this Protective Order, or be barred from the proceeding for any period that Confidential Documents will be shown. No Confidential Document shall be shown to any Party, Witness, or Consultant during any proceeding until every Person in attendance has executed an acknowledgment which complies with Paragraph 8 of this Protective Order or has left the room, if so requested by the Disclosing Party.

13. If a Confidential Document is marked or attached by any Party or Attorney during the deposition of any Party, Consultant or Witness, the Disclosing Party shall have the right to: (1) notify the court reporter of the existence and content of this Protective Order; (2) direct the court reporter to maintain all Confidential Documents in a sealed envelope; (3) instruct the reporter not to copy any Confidential Document or portion thereof without the express written consent of the Disclosing Party; and (4) instruct the court

reporter that no Person should be allowed to review any Confidential Document under seal other than a Party, Attorney, or the Court.

14. Any Disclosing Party may request the Court to order that Confidential Documents be maintained under seal or with restricted access, and that any proceeding regarding Confidential Documents or information contained therein to be conducted before the Court outside the presence of the public.

15. Upon final resolution of the above-captioned matter, including any appeal, writ, or petition for review, each Party shall within thirty (30) days of the final conclusion of the above-captioned matter, return to the Disclosing Party all Confidential Documents disclosed during the course of this litigation, including all internal copies or copies provided to any Witness or Consultant.

16. The Parties may modify or waive any provision of this Protective Order in writing, without obtaining leave of Court.

17. All evidentiary objections with respect to any Confidential Document are expressly reserved.

18. This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind any restrictions imposed by this Order when convenience or necessity requires.

**IT IS SO ORDERED.**

**DATED February 29, 2008.**

                                            **BY THE COURT:**

                                            s/ F.A. Gossett
                                            **United States Magistrate Judge**