## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CYNTHIA JENKINS, on behalf of herself and all others similarly situated, ADA HOWARD, and SANDRA LOGUE, | ) ) ) ) | CASE NO. 8:06CV743 |
| Plaintiffs, | ) ) ) | ORDER |
| v. | ) ) ) | |
| GENERAL COLLECTION, CO., MARK D. STELK, and RICHARD E. GEE, | ) ) ) | |
| Defendants. | ) | |

This matter is before the Court on the Report and Recommendation of Magistrate F.A. Gossett (Filing No. 162) recommending that the Second Amended Motion for Class Certification (Filing No. 134) be denied.  The Plaintiffs have objected to the Report and Recommendation.  The Plaintiffs' Statement of Objection (Filing No. 165) also includes an objection to the Magistrate Judge's Order (Filing No. 163) granting a related motion to supplement the record submitted by Defendants General Collection Co. (""GCC") and Mark D. Stelk ("Stelk").

The Court has considered the parties' briefs (Filing Nos. 135, 138, 144, 152, 155, 157, 159, 161) and evidentiary submissions (Filing Nos. 136, 139, 145, 154, 156, 158) presented to the Magistrate Judge, as well as the briefs presented on appeal (Filing Nos. 166, 167).

With respect to the Plaintiffs' Statement of Objection to the Magistrate Judge's Report and Recommendation, the Court has conducted a *de novo* review of the record pursuant to 28 U.S.C. § 636(b)(1) and NECivR 72.3.  With respect to the Plaintiffs' objection to the Magistrate Judge's granting of the Defendants' related motion to supplement the record,[1] which the Plaintiffs included within their Statement of Objection

---

[1]Defendants General Collection Co. and Mark D. Stelk moved to supplement the record with a copy of an order of the County Court of Douglas County, Nebraska, vacating the summary judgment granted in favor of Cynthia Jenkins and the dismissal of the action

to the Report and Recommendation, the Court construes that objection as an appeal of a nondispositive order of the Magistrate Judge, and the Court has reviewed the Magistrate Judge's order to determine whether it was clearly erroneous or contrary to law.  Fed. R. Civ. P. 72 (a); NECivR 72.2(c).

First, the Magistrate Judge's order granting the Motion to Supplement the Record was neither clearly erroneous nor contrary to law.  Plaintiff Cynthia Jenkins has alleged that the Defendants violated the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59-1601 *et seq.* ("NCPA"), by bringing a state-court collection action against her on a time-barred debt and by misrepresenting the nature of the debt.  In support of her claim, Jenkins presented evidence that the state-court action brought against her by GCC was dismissed after she filed an affidavit in state court demonstrating that the debt was time-barred.  At the time this Court addressed the Defendants' motions for summary judgment, GCC presented evidence that countered the factual assertions in that affidavit, and noted that it was seeking an order of the state court vacating the earlier judgment.  This Court ruled on the motions for summary judgment on February 15, 2008.  (Filing No. 127).  GCC and Stelk then sought leave to supplement the record to show that the state-court judgment was indeed vacated on May 22, 2008.  (Filing Nos. 152, 153, 154).  The Magistrate Judge's order granting GCC's and Stelk's Motion to Supplement the Record facilitated the completion of the evidentiary record related to the earlier Memorandum and Order on Motion for Summary Judgment, in the interest of justice, and allowed the Magistrate Judge and this Court to consider potentially relevant and material  evidence in conjunction with the pending Second Amended Motion for Class Certification.[2]

---

in the case of General Collection Co. v. Cynthia Jenkins, CI 04 0020215 on May 22, 2008. (See Filing Nos. 153, 154).

[2]  It is recognized that the Plaintiffs' Reply Brief in support of their Amended Motion for Class Certification purported to "withdraw" Jenkins as a representative for the Plaintiffs' proposed "Statute of Limitations Class."  (Filing No. 98, pp. 6-7).  The Plaintiffs continue

Second, this Court has reviewed, *de novo*, all the evidence and arguments presented by the parties and has considered the applicable law relative to the Magistrate Judge's Report and Recommendation, in which he recommended that the Court deny the Plaintiffs' Second Amended Motion for Class Certification. Although the Plaintiffs parse their objections to the Report and Recommendation into 15 different categories, they present a single, cental objection: Plaintiffs argue that this Court need not make individual determinations concerning the merits of the state court actions filed by the Defendants against the Plaintiffs in order to conclude that the Plaintiffs have satisfied the preliminary showing required by Fed. R. Civ. P. 23(a) as to commonality, typicality and adequacy of representation.

The Magistrate Judge concluded that the Plaintiffs' claims "are premised on the actual filing and merits of individual lawsuits in state court," and "[w]hile each plaintiff contends the state court actions were time-barred and misrepresented the character or legal status of the alleged debts, those issues cannot be resolved without individual inquiry." (Filing No. 162, pp. 17-18). In reaching this conclusion, the Magistrate Judge relied in part on this Court's own analysis in its previous order on the Defendants' Motions for Summary Judgment. (Filing No. 127, published as *Jenkins v. General Collection Co.*, 538 F. Supp. 2d 1165 (D. Neb. 2008)). In effect, the Plaintiffs argue that this Court's own analysis regarding the statutes of limitations applicable to the individual Plaintiffs' claims, and the Defendants' alleged misrepresentation of the nature of the Plaintiffs' debts in the

---

to suggest that Jenkins serve as a class representative for what they describe as the "Materials and/or Services Furnished Class," the proposed class of plaintiffs against whom the Defendants brought collection actions that allegedly misrepresented the nature of the plaintiffs' debts or amount of their liability.

3

state-court actions, is in error.[3]  This Court is unwilling to revisit those issues it addressed in its order on the Motions for Summary Judgment.

The Magistrate Judge's Report and Recommendation correctly states the facts as supported by the evidence before the Court at this time, and correctly applies the law, in part relying on this Court's earlier legal analysis in its Memorandum and Order denying the Defendants' Motions for Summary Judgment.  Accordingly, this Court adopts the Report and Recommendation in its entirety.

IT IS ORDERED:

1.  The Magistrate Judge's Report and Recommendation (Filing No. 162) is adopted in its entirety;

2.  The Second Amended Motion for Class Certification (Filing No. 134) is denied;

3.  The Plaintiffs' Statement of Objection to Magistrate Judge's Report and Recommendation and Request for Oral Argument (Filing No. 165) is denied; and

4.  The Plaintiffs' Motion for Leave to File Reply Brief (Filing No. 168) is denied.

Dated this 28th day of August, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

[3] Plaintiffs assert it is "undisputed" that Defendants purchased accounts receivable which did not include assignments of any rights under contracts.  (Plaintiffs' Statement of Objection to Magistrate Judge's Report and Recommendation, Filing No. 165, pp.1-2).  To the contrary, the Defendants have asserted throughout this litigation that their state-court causes of action were based on written contracts and governed by a five-year statute of limitations.  This Court discussed that issue at length in its Memorandum and Order on Motion for Summary Judgment. (Filing No. 127, pp. 10-15; *Jenkins v. General Collection Co.*, 538 F. Supp. 2d at 1172-74).