IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CYNTHIA JENKINS, on behalf of herself and all others similarly situated, ADA HOWARD, and SANDRA LOGUE, | ) ) ) ) ) | CASE NO. 8:06CV743 |
| Plaintiffs, | ) ) | MEMORANDUM AND ORDER |
| v. | ) ) | |
| GENERAL COLLECTION, CO., MARK D. STELK, and RICHARD E. GEE, | ) ) ) | |
| Defendants. | ) | |

This matter is before the Court on Plaintiffs' Motion for Award of Plaintiffs' Attorney's Fees and Costs (Filing No. 202). The motion is supported by declarations and time records from Plaintiffs' attorneys (Filing Nos. 204, 220, and 221), briefs (Filing Nos. 203 and 219), and attorney affidavits (Filing Nos. 204-10, 211-2, 220-2). Defendants oppose the motion, as to the amount of fees requested, on several grounds set forth in their brief (Filing No. 213) and supported by affidavits and exhibits consisting of numerous spreadsheets. (Filing Nos. 214 and 215). For the reasons that follow, I conclude that an award of fees is appropriate in this case, but not in the amount claimed by Plaintiffs.

## Background

In the Second Amended Complaint (Filing No. 63), Plaintiffs alleged that the Defendants violated Plaintiffs' rights under the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. §1692 *et seq.* and the Nebraska Consumer Protection Act, ("NCPA"), Neb. Rev. Stat. § 59-1601 *et seq.* More than two and a half years after the filing of the original complaint (Filing No. 1), the parties "reached a compromise resolution of all disputed claims in this lawsuit, except for attorneys' fees and costs." (Filing No. 194, ¶ 1).

>   The settlement agreement (Filing No.195, Ex.A) provides that Cynthia Jenkins receives $2,500.00 cash as well as the value of the action alleged against her in state court of $6,635.02, for a total of $9,135.02.  Sandra Logue receives $2,335.50 cash plus the value of the account alleged against her of $1,765.70 for a total of $4,101.20.  Plaintiff Ada Howard receives $2,500.00 cash plus the value of the state court claim alleged against her of $5,274.71 for a total of $7,774.71.  Each Plaintiff receives a cash payment as well as satisfaction of the alleged debt, which has been reduced to judgment, or in the case of Ms. Jenkins, a dismissal of the case against her, with prejudice.  The total monetary relief for the three plaintiffs is $21,010.93.

(Plaintiff's Brief, Filing No. 203, p. 23).  (*See also* Filing No. 195-2, Mutual Release and Settlement Agreement).

Plaintiffs seek an award of attorneys' fees in the amount of $419,715.67[1] and costs in the amount of $3,220.05 pursuant to 15 U.S.C. § 1692k.  Plaintiffs filed a Third Supplemental Evidence Index requesting an additional $30,077.00 for attorney and paralegal fees dating from June 1, 2009, to the date of the filing on September 17, 2009. (Filing No. 221).  Defendants concede that Plaintiffs are entitled to an award of attorneys' fees; however, they disagree with Plaintiffs as to the amount of that award.  Defendants request that the Court forgo the lodestar calculation[2] and award attorneys' fees not to exceed $45,000.00, or in the alternative, that the Court reduce the lodestar amount by reducing the hourly rate of the two local attorneys and awarding only necessary and

---

[1] This amount takes into consideration a 16.5% reduction voluntarily taken by Plaintiffs and corrections made in certain time records (Filing No. 220), but excludes the $30,077.00 in attorney and paralegal fees subsequently submitted in the Third Supplemental Evidence Index (Filing No. 221).

[2] The lodestar method calculates the number of hours reasonably expended and multiplies that by a reasonable hourly market rate.  *City of Riverside v. Rivera*, 477 U.S. 561 (1986).  *See also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

reasonable time spent by those attorneys, and by disallowing the fees of the other attorneys in their entirety.  (Filing No. 213, p. 27).

## Discussion

The parties, by stipulation, agree that Plaintiffs are entitled to move the Court for reasonable attorneys' fees pursuant to the FDCPA.  (Filing No. 194).  While Defendants denied liability, the Plaintiffs prevailed in this action by reaching a monetary settlement and securing Defendants' agreement to "ceas[e] certain of their debt collection practices, which have been the subject of this lawsuit" (Filing No. 195-2, p. 1).  Defendants have agreed not to challenge Plaintiffs' status as "prevailing parties" for the purpose of this motion or on appeal of the Court's award of attorney fees and costs.

Plaintiffs were represented by a total of five attorneys.  Their hourly rates range from $225 for Mr. Shapiro, to $475 for Mr. Delbaum.[3]  The Plaintiffs' supporting evidence includes the attorneys' declarations containing information about their education and relevant experience in collection cases, including cases brought under the FDCPA, and the attorneys' time records.  (Filing Nos. 204, 220, and 221).  Plaintiffs have also offered the affidavits or declarations of other attorneys, two from Nebraska and one from Massachusetts, in support of their contention that the hourly rates of Ms. Car, Mr. Reinbrecht, and Mr. Delbaum are fair and consistent with the rates charged by other attorneys with comparable experience in their specialized practice and in the legal community in which they practice.  (Filing Nos. 204-10, 211-2, 220-2).

---

[3]Ms. Car's rate is $275.00 per hour; Mr. Reinbrecht's rate is $250.00 per hour; Mr. Bragg's rate is $450.00 per hour; and Mr. Bragg's paralegal, Ms. Carter, was billed at a rate of $100.00 per hour.

The Plaintiffs urge this Court to apply the lodestar method and find that they are entitled to fees in the amount calculated by multiplying the number of hours expended by the applicable hourly market rate for the relevant legal services. According to the Supreme Court, the lodestar method is "[t]he most useful starting point for determining the amount of a reasonable fee." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). However, the Court also noted that "[i]It remains for the district court to determine what fee is 'reasonable.'" *Id.*

When a plaintiff has achieved only partial or limited success the lodestar method may yield an excessive amount. *Id.* at 436. "The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment." *Id.* at 436-37.

The parties dispute the degree of success achieved by the Plaintiffs in this litigation. According to Plaintiffs,

> Each Plaintiff recovered *more* than the maximum damages provided for by both the FDCPA and the NCPA. Furthermore, as noted above, the Defendants have all agreed to stop the deceptive practices at the root of this action, the use of a materials and services furnished cause of action to obtain unwarranted attorney fees.

(Doc. No. 195, Ex. A ¶ 6, emphasis in original). Plaintiffs characterize the outcome as "a great success for the putative class of defendant debtors." (Plaintiff's Brief, Filing No. 203, p. 23). In their response, Defendants argue that only "nominal results [were] obtained in terms of monetary settlement" and that Plaintiffs failed to obtain class certification.

Plaintiffs contend that the attorneys involved spent 1,677 hours on this case. In addition to the attorney hours, Plaintiffs contend that the attorneys' law clerks or paralegals worked an additional 118.45 hours, only 7.7 hours of which were included in the motion for

4

fees.[4] In their response, Defendants raise concerns of possible duplication, repetition, and inefficiencies in the work performed. They further contend that out-of-state counsel was unnecessary and that the hourly rates for all counsel were excessive.

The Court does not challenge the veracity of the attorneys' declarations or billing records. The Court further acknowledges that Plaintiffs have voluntarily reduced their attorneys' fees by 16.5% "to account for the fact that their efforts on behalf of the putative class were only partially successful, any duplication of effort, as well as any other criticism of their lodestar amount." (Plaintiffs' Brief, Filing No. 203, p. 1).

That said, the Court considers 1,677 hours to be an excessive investment of time in a case in which the settlement awards for the three plaintiffs totaled $21,010.93.[5] It is recognized that Plaintiffs' attorneys anticipated that this case would be a class action. Despite many hours invested by many attorneys and support personnel in pursuit of that goal, this case was not a class action. *See Altergott v. Modern Collection Techniques, Inc.*, 864 F. Supp. 778, 783 (N.D. Ill. 1994) (finding that the defendant "should not have to shoulder the entire financial burden . . . .caused by [plaintiff counsel's] failure to make a reasonable assessment of the value of their case."). In addition, an inordinate number of hours was spent in preparing the motion for fees[6] and supporting materials, with nearly 90 pages in briefs and multiple indexes of evidence filed for this purpose. (Filing Nos. 203,

---

[4]According to Ms. Car's declaration, her law clerk/paralegal spent 110.75 hours on the case which was not included in the billing. (Filing No. 204-2, Declaration of Car, ¶ 23).

[5]This figure includes the value of the "judgment waivers" from actions brought in state court but negotiated in the settlement.

[6]Defendant's Exhibit O details more than 80 hours spent preparing the application for attorneys' fees. This calculation was made before the supplemental billing statements were filed in which the majority of the charges are related to the application for fees.

204, and 219-221). "A request for attorney's fees should not result in a second major litigation." *Hensley*, 461 U.S. at 437.

The time invested by Plaintiffs' attorneys in this case was simply excessive in light of the value of the Plaintiffs' claims and the success achieved. While Plaintiffs' attorneys suggest that their success was substantial because the Defendants agreed to "stop the deceptive practices at the root of this action," the evidence before this Court did not indicate that the Defendants' practices as they related to the three Plaintiffs were intentionally abusive or deceptive. Nor did the evidence indicate that such practices were frequent and persistent. The nature of the Defendants' noncompliance with fair debt collection practices, therefore, does not weigh in favor of a disproportionately high award of attorneys' fees for the sake of punishment or deterrence, or for the sake of providing a strong incentive for lawyers to pursue similar cases in the future.

The Court will not parse through the voluminous billings in an attempt to determine the reasonableness of each and every entry in light of the limited success achieved by the Plaintiffs in this case. Instead, the Court concludes that $50,000.00, more than twice the combined settlement award for the three Plaintiffs, is a reasonable attorneys' fee award in this case.

As a final matter, I will not permit expenses above the costs already taxed against the Defendants by the Office of the Clerk. (Filing No. 212).

IT IS ORDERED that Plaintiffs' Motion for Attorneys' Fees and Costs, (Filing No. 202), is granted in part, and denied in part, as follows:

    a.    Defendants are directed to pay to the prevailing Plaintiffs, their reasonable attorneys' fees in connection with this matter in the amount of $50,000.00. Arrangements for payment shall be made forthwith by and between counsel for Plaintiffs and counsel for Defendants; and

b. Plaintiffs are not entitled to costs other than those taxed against the Defendant in the Taxation of Costs (Filing No. 212).

Dated this 26th day of October, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Court